IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BIBLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF DELAWARE, )<br>)<br>Respondents. ) | C.A. No. 15-285-GMS |

## MEMORANDUM

### I. BACKGROUND

In October 2006, petitioner Donald Bible pled guilty to first degree rape, third degree rape (as a lesser included offense of first degree rape), and continuous sexual abuse of a child. *See Bible v. State*, 105 A.3d 988 (Table), 2014 WL 7010822, at *1 (Del.), *rearg't denied*, (Del. Dec. 16, 2014). These convictions stemmed from Bible's sexual abuse of the twin granddaughters of his friend and roommate. *Id.* The Delaware Superior Court sentenced him to thirty-six years of incarceration at Level V. *Id.* Bible did not appeal his convictions or sentence.

On May 19, 2008, Bible filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). On October 8, 2009, the Delaware Superior Court denied the Rule 61 motion as time-barred and, alternatively, as meritless. The Delaware Supreme Court affirmed that decision on July 7, 2010. *See Bible v. State*, 998 A.2d 850 (Table), 2010 WL 2680542, at *2 (Del. July 7, 2010).

Bible filed a federal habeas petition challenging his 2006 convictions, which the court denied as time-barred on June 3, 2014. *See Bible v. Morgan*, 2014 WL 2536285 (D. Del. June 3,

2014). Bible filed a notice of appeal with respect to that decision on December 29, 2014. *See Bible v. Morgan*, Civil Action No. 11-499-GMS, at D.I. 50. The Third Circuit Court of Appeals sent a letter to Bible stating that it may lack appellate jurisdiction over the appeal because the notice of appeal was not filed within the time prescribed by the Federal Rules of Appellate Procedure. *See Bible v. State*, Case No. 15-1021, Letter (3d Cir. Jan. 6, 2015). Bible's appeal from the court's denial of his habeas petition is still pending before the Third Circuit.

In March, 2015, Bible filed in this court a document titled "motion of request for a writ of mandamus " (hereinafter referred to as "petition for writ of mandamus"). (D.I. 3)

## II. DISCUSSION

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid" of its jurisdiction. *See* 28 U.S.C. § 1651(a). As such, a federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining" a petition for a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ might assist."). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."[1] 28 U.S.C. § 1361.

Here, Bible does not allege any action or omission by a federal officer, employee, or agency that this court might have mandamus jurisdiction to address in the first instance. Rather, he is seeking:

---

[1] To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions: (1) he has "no other adequate means to attain the relief he desires;" (2) he demonstrates that "his right to the issuance of the writ is clear and indisputable;" and (3) the issuing court is satisfied that "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010).

2

> (1) Federal discretionary review of Delaware Superior Court Criminal Rule 61 recognized in the State of Delaware as cognizable, criminal law, effective June 14, 2014, specifically, Delaware Superior Court Criminal Rules 61(d)(2), 61(i)(2), and 61(i)(5) to determine if the changes, alterations and/or additions to these new rules are in violation of the federal standard; and
>
> (2) A federal Order, or other legal mandate and/or directive by the Federal District Court of Delaware, that compels the Delaware Supreme Court to remove the procedural bar of Del. Super. Ct. Crim. R. 61(d)(2), in line with Rule 61(i)(2), and Rule 61(i)(5), and move to review de novo Bible's opening brief. To at the least compel the Delaware Supreme Court to provide for adjudication of Bible's Motion to Show Good Cause for the Procedural Default, Del. Super. Ct. Crim. R. 61(d)(2).
>
> (3) A federal Order, or other legal mandate and/or directive by the Federal District Court of Delaware, to the State of Delaware, to change, and/or alter, and/or repeal the newly recognized rule of criminal procedure, Del. Super. Ct. Crim. R. 61(d)(2).

(D.I. 3 at 4)

To the extent Bible asks the court to direct Delaware officials to repeal and/or revise Delaware Superior Court Criminal Rule 61, the court does not have jurisdiction to grant Bible's request. *See In re Wolenski*, 324 F.2d 309 (3d Cir. 1963) (per curiam) (the District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official.") As recently explained by the Court of Appeals for the Third Circuit, "[s]tate courts are not 'lower courts' from this Court's perspective, and principles of comity and federalism ensure that a federal court ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." *In re Whiteford*, 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013) (internal citations omitted).

To the extent Bible is once again challenging his 2006 convictions and the Delaware State Courts' denial of his Rule 61 motion, the relief he seeks can only be obtained through the writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In turn, because the

instant filing is Bible's second request for habeas relief, with his first habeas petition having been dismissed as time-barred, the court concludes that the instant document constitutes a second or successive habeas application for the purposes of 28 U.S.C. § 2244. Therefore, the court may only consider the habeas application if Bible obtained prior filing authorization from the Third Circuit Court of Appeals. *See* 28 U.S.C. § 2244.

In this case, Bible does not allege, and there is nothing in the record to indicate, that he obtained such authorization from the Third Circuit Court of Appeals. Hence, to the extent the instant document constitutes a second or successive habeas application, the court will dismiss it for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). The court will also decline to issue a certificate of appealability because Bible has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

Thus, whether the instant petition for writ of mandamus constitutes a true mandamus request, or a second/successive application for habeas relief, the court lacks jurisdiction to consider it.

## III. CONCLUSION

For the aforementioned reasons, the court concludes that it must dismiss the instant petition for writ of mandamus for lack of jurisdiction. A separate order will be entered.

Dated: July 17, 2015

_____
UNITED STATES DISTRICT JUDGE

5